IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| LAURA BURLESON | Case Number |
| Plaintiff | 6:10-cv-1860-Orl-28DAB |
| vs. | CIVIL COMPLAINT |
| FREDERICK J. HANNA & ASSOCIATES, P.C. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Laura Burleson, by and through her undersigned counsel, Rinky S. Parwani, Esquire of Parwani Law, P.A., complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Laura Burleson, is an adult natural person and they bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant conducts business in this District.

### III.  PARTIES

4. Plaintiff, Laura Burleson, is an adult natural person residing at 225 North Glencoe, New Smyrna, Florida 32168.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Frederick J. Hanna & Associates, P.C. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Florida and Georgia with its principal place of business located at 1427 Roswell Road, Marietta, GA 30062.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or about July 13, 2010, Plaintiff received a message from Defendant in regards to an alleged debt owed to Chase for approximately $13,680.00.  Plaintiff was asked to call back as soon as possible.

8. On or about July 14, 2010, Plaintiff called and spoke with Defendant's agent, "Tim Simpson" in regards to this debt.

9. Plaintiff states that Defendant's agent became belligerent from the start of the call.

10. At that time Plaintiff informed Defendant's agent, "Tim Simpson", that she had retained the services of the law firm Persels & Associates, LLC and that they would need to call and deal with her attorneys directly on this matter.

11. Defendant's agent, "Tim Simpson", started to scold the Plaintiff and tell her that Persels was nothing more than a scam and that they could not do anything to help her.

12. Plaintiff was told that Persels was stealing her money and that they were not paying her bills with it.

13. Plaintiff was told that she needed to work with Defendant directly.

14. During this same call, Defendant's agent, "Tim Simpson", encouraged the Plaintiff to call Wells Fargo and take a loan and that she could put her car up for collateral.

15. Defendant's agent, "Tim Simpson", informed the Plaintiff that he was looking at a copy of her credit report and that it looked pretty good to him and that he did not think that she would have that much trouble getting an instant loan.

16. Plaintiff was told that she could have a one-time deal of $1,800 down immediately and $8,000 that would need to be paid off by the end of July, 2010.

17. Plaintiff stated that she did not have the money and could not accept this settlement and that she would not take a loan.

18. Defendant's agent, "Tim Simpson", put the Plaintiff on hold stating that he needed to speak with his supervisor.

19. Plaintiff felt pressured to give Defendant her bank account information.

20. While still on the same call, Defendant's agent, "Tim Simpson", told the Plaintiff that failure to make a payment would result in her being sued.

21. Defendant's agent went on to threaten the Plaintiff with Judgments against herself and her husband.

22. Plaintiff's husband is not even on the account.

23. Defendant's agent stated that if she did not make payment arrangements on this account that they would come and repossess her car, her boat and her husband's work truck right out of their back yard.

24. Plaintiff states that this same call with Defendant's agent, "Tim Simpson", continued for an hour and a half.

25. Plaintiff was then put on the phone with "Tim Simpson's" supervisor who tried to pressure the Plaintiff into making a payment by July 22, 2010.

26. The Supervisor insisted that the Plaintiff give him her bank account information and give them the authority to take $1,782 from her bank account.

27. Plaintiff reluctantly gave the supervisor her checking account information.

28. Plaintiff asked if need be could she cancel the payment if she did not have it at the time it was to come out.

29. Plaintiff was told that yes she could in fact call and cancel the payment if she was not going to have it on the day it was to be taken.

30. Plaintiff then ended the call and called to speak with Persels.

31. Persels & Associates encouraged the Plaintiff to call back and to immediately cancel the payment from coming out.

32. On that same day, July 14, 2010, Plaintiff called back and spoke with Defendant's agent, "Tim Simpson", telling him that she would need to cancel the upcoming payment from coming out of her account.

33. Defendant's agent, "Tim Simpson", told that Plaintiff that she could not take back the payment and that it was going to go through as scheduled.

34. Plaintiff stated that the supervisor had told her that she could call back and cancel if she needed to.

35. Defendant's agent, "Tim Simpson", put the Plaintiff on hold for approximately half an hour, never came back on the line and Plaintiff was eventually hung up on.

36. Plaintiff immediately tried to call back and was told that Defendant's agent, "Tim Simpson", was not available.

37. Plaintiff went to the bank and changed her bank account numbers to ensure that they could not take her money.

38. As of the filing of this complaint, Plaintiff continues to receive calls on a daily basis from Defendant's agent, "Tim Simpson", demanding that payment be made on this account.

39. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

40. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

41. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

42. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

43. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I - FDCPA**

44. The above paragraphs are hereby incorporated herein by reference.

45. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

46. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

    §§ 1692c(a)2  After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| §§ 1692c(c) | | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | | Character, amount or legal status of the alleged debt |
| §§ 1692e(4) | | Nonpayment of any debt will result in the arrest or imprisionment of any person or the sizure garnishment or attachement |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant, Frederick J. Hanna & Associates, P.C. for the following:

a.  Actual damages;

    b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.      Such addition and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: December 13, 2010        BY: **/s/Rinky S. Parwani**
Rinky S. Parwani, Esq.

Rinky S. Parwani, Esquire
Parwani Law, P.A.
9905 Alambra Avenue
Tampa, FL 33619
Phone: 813-514-8280 Fax: 813-514-8281
Attorney for Plaintiff